**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-                                              Case No. 2:06-cv-175-FtM-34SPC

TRACT K03-14, 15.0 ACRES OF LAND,
MORE OR LESS IN COLLIER COUNTY,
FLORIDA, MANO H. KERLEY
(DECEASED), GARY EUGENE KERLEY,
GILL DEAN KERLEY, GAYLA ANNE K.
MURPHY, GLENDA K. HAMMER, GUY
ALLEN KERLEY, ET AL.,

                Defendants.
_____/

**OPINION AND ORDER[1]**

**THIS CAUSE** came before the Court on October 29, 2007, for a bench trial on the matter of just compensation as to Tract K03-14 (15.0 acres of land more or less in Collier County, Florida) ("the Property") as well as the properties at issue in five other condemnation proceedings. All parties known or believed by Plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71A. At the bench trial, Plaintiff presented testimony regarding the value of the Property from Bernard F. Gallagher, Jr., Review Appraiser for the United States Department of Interior, Office of Appraisal Services Directorate. No evidence was presented to the contrary.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

With regard to common characteristics of the various properties at issue, Mr. Gallagher testified that the properties were all (1) inaccessible by vehicle, (2) flooded approximately 6 months of the year, and (3) located in conservation zoning. Mr. Gallagher further testified that the highest and best use of all of the properties was recreational.

In all of the cases, the government took immediate possession of the property pursuant to a Declaration of Taking and an Order for Delivery of Possession, and deposited into the Registry of the Court an amount representing the estimated just compensation. Because taxes were due and owing in all of the cases, the Court disbursed funds on deposit in the Registry of the Court to the Collier County Tax Collector. Additionally, pre-trial disbursements were made to various claimants in all but two cases, and monies remain in these two cases pending the submission of claimant applications.

Upon consideration of Mr. Gallagher's testimony and other evidence, it is **ORDERED AND ADJUDGED**:

Just Compensation as to each tract of property is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (after taxes; not including interest) | JUST COMPENSATION DETERMINED |
|---|---|---|---|
| Tract H28-41 (5.0 acres) 6cv162 | $5,000.00 + $7,858.84 = $12,858.84 | $12,816.39 | $12,500.00 |
| Tract J13-22 (2.5 acres) 6cv166 | $2,500.00 + $3,929.42 = $6,429.42 | no disbursements | $6,250.00 |
| Tract J29-17 (5.0 acres) 6cv169 | $5,000.00 + $7,858.84 = $12,858.84 | no disbursements | $12,500.00 |
| Tract J47-02 (10.0 acres) 6cv172 | $10,000.00 + $15,717.67 = $25,717.67 | $25,639.67 | $25,000.00 |
| Tract J47-12 (10.0 acres) 6cv174 | $10,000.00 + $15,717.67 = $25,717.67 | $25,639.67 | $25,000.00 |
| Tract K03-14 (15.00 acres) 6cv175 | $15,000.00 +$23,576.51 = $38,576.51 | $38,459.53 | $37,500.00 |

The Court further concludes that:

1. Title in the Property shall be vested in the United States of America by operation of law as of April 18, 2006. As of that date, the fair market value of each tract was $2,500 per acre as set forth in the chart above.

2. The payment of Just Compensation, as provided above, shall be in full satisfaction of any and all claims of whatever nature against the Plaintiff by reason of its institution and prosecution of this action and the taking of the Property.

3. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatever nature existing against the Property at the time of vesting title in the Plaintiff. Such taxes, liens and encumbrances are payable and deductible from the Just Compensation, to the extent established and proven to the Court upon application.

4. The Just Compensation includes the estimated just compensation previously deposited by the Plaintiff.

5. The Clerk of the Court will retain the deposited Just Compensation until further order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.

6. The Clerk of the Court shall enter Judgment immediately, notwithstanding disbursements, as provided above and incorporating the contents of this Opinion and Order for all cases herein. The Clerk of the Court shall administratively close all cases without terminating any pending motions or outstanding applications, not to exceed five (5) years. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of five years from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any

interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

8. The findings and conclusions made by this Court in its Order Granting Plaintiff's Motion for *Ex Parte* Order for Delivery of Possession are incorporated herein and are adopted by the Court.

**DONE AND ORDERED** in Fort Myers, Florida, this 16th day of November, 2007.

MARCIA MORALES HOWARD
United States District Judge

lc3

Copies to:

J. Rudy, III, Assistant U.S. Attorney
United States Attorney's Office

Brenda Garretson, Counsel of Record
Collier County Tax Collector

Unrepresented parties

Intake
Finance